FRANCISZKA MARGARET BEJNAROWICZ, Plaintiff-Counterdefendant and Appellant, *v.* ZYGMUNT R. BEJNAROWICZ, Defendant-Counterplaintiff and Appellee.

(No. 57287;

First District—November 29, 1972.

Elmer Michael Walsh, Jr., of Chicago, for appellant.

Theodore R. Sherwin, of Sherwin & Sherwin, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Franciszka Bejnarowicz, filed an action for separate maintenance in the Circuit Court of Cook County on grounds of physical cruelty on December 21, 1970. She alleged the defendant, Zygmunt Bejnarowicz, struck her on two occasions.

The court entered an order on January 11, 1971, giving temporary custody of the parties' infant son to the plaintiff, and it also prohibited the parties from taking the child from the jurisdiction of the court.

On January 15, 1971, the plaintiff filed a petition asking that the court issue a writ of *ne exeat* restraining the defendant from leaving the state with their infant son. The court denied the petition after a hearing.

Sometime in April of 1971, the plaintiff took the infant to England, where they have remained ever since. On April 26, 1971, pursuant to a petition by the defendant, the court ordered that a rule issue on the plaintiff to show cause why she should not be held in contempt of court for the removal of the child from the jurisdiction. The court also awarded temporary custody of the child to the defendant for the purpose of bringing him back into the jurisdiction.

On June 16, 1971, the defendant counterclaimed for divorce alleging mental cruelty, and on December 20, 1971, the counterclaim was amended to include the allegation of desertion.

The court held the plaintiff in contempt of court on June 19, 1971, and noted that despite proceedings in the English courts in which the care and control of the child was given to the defendant, the plaintiff still failed and refused to return him to the jurisdiction.

After a bench trial, at which the plaintiff was represented by counsel, the court entered a decree for divorce on behalf of the defendant-counterplaintiff. The plaintiff-counterdefendant appeals from that decree.

We find the alleged errors are without merit, and the decree is supported by the manifest weight of the evidence. The decree of the Circuit Court of Cook County is affirmed.

This memorandum opinion is in compliance with Rule 23(a) of the Illinois Supreme Court.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.